# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO GONZALEZ; and JOSE LUIS VALENCIA-MENDOZA,<br><br>              Petitioners/Defendants,<br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent/Plaintiff. | CASE NO. 10-CV-1215-IEG (WMC)<br>98-CR-88-IEG<br><br>**ORDER DISMISSING PETITION FOR WRIT OF ERROR AUDITA QUERELA**<br><br>[Doc. No. 1] |

Petitioners Gerardo Gonzalez and Jose Luis Valencia-Mendoza ("Petitioners"), both federal prisoners proceeding *pro se*, have filed a writ of error *audita querela* pursuant to the All Writs Act, 28 U.S.C. § 1651. For the reasons stated herein, the Court concludes that Petitioners are not entitled to issuance of a writ of error *audita querela*. The petition, therefore, is *sua sponte* dismissed without further proceedings.

## BACKGROUND

On January 12, 1998, Petitioners entered guilty pleas on charges that they knowingly and intentionally conspired together with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 846. (Doc. Nos. 2, 3, 6.) On the same day, this Court sentenced Petitioner Gerardo Gonzalez to 251 months in custody, to run concurrent with time imposed in a related New York State case, and five years of supervised release. (Doc. No. 6.) This Court also sentenced

1  Petitioner Jose Luis Valencia-Mendoza to 199 months in custody, to run concurrent with time
2  imposed in a related New York State case, and five years of supervised release.  (Doc. No. 6.)
3       On April 26, 2010, Petitioners filed the instant petition for a writ of error *audita querela*.[1]
4  (No. 10CV1215, Doc. No. 1.)

## DISCUSSION

6       "At common law, the writ of audita querela permitted a judgment debtor to obtain
7  equitable relief from a legal judgment because of some defense or discharge arising after the entry
8  of the judgment."  United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001) (citing
9  7 Am. Jur. 2d Audita Querela § 1 (1997)).  The common law writ of *audita querela* remains
10 available today; however, it is only available to federal prisoners "to 'fill the interstices of the
11 federal postconviction remedial framework.'"  Valdez-Pacheco, 237 F.3d at 1079 (quoting Doe v.
12 INS, 120 F.3d 200, 203 (9th Cir.1997)).  The writ is not available "to challenge a conviction or
13 sentence when the prisoner's contentions could otherwise be raised in a motion pursuant to §
14 2255."  Valdez-Pacheco, 237 F.3d at 1079-80.

15      Petitioners raise four arguments.  First, Petitioners challenge their sentences, based on the
16 Supreme Court's decision in United States v. Booker/Fanfan, 543 U.S. 220 (2005).  Second,
17 Petitioners argue the drug type and quantity-based "sentencing factors" considered in their cases
18 are unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000).  Third, Petitioners argue
19 their convictions and sentenced should be vacated because they violate the double jeopardy clause
20 of the Fifth Amendment.  Finally, Petitioners argue the Court must obtain a new "Presentencing
21 Report Investigation" (which Petitioners refer to as a "PSIR") and resentence Petitioners, based on
22 the Supreme Court's decisions in Jones v. United States, 526 U.S. 227 (1999), Apprendi, 530 U.S.

---

[1] Previously, on November 23, 2005, Petitioner Valencia-Mendoza filed a "Request for Court Order Directing BOP to Credit Defendant's Sentence With All Time Spent in Pre-Trial Custody to Reflect Concurrent Sentence Ordered by this Court."  (Doc. No. 10.)  On August 31, 2006, the Court issued an Order construing the request as a Petition for Writ of Habeas pursuant to 28 U.S.C. § 2255, and notifying Petitioner Valencia-Mendoza about his options.  (Doc. No. 13.)  In response, Petitioner Valencia-Mendoza withdrew his request, stating "he would file a complete habeas corpus."  (Doc. No. 15.)  On October 10, 2006, Petitioner filed a motion entitled "Petition by the Great Writ in Accordance with Article I, § 9, Paragraph 2."  (No. 06CV2284, Doc. No. 1.)  The Court construed the motion as a habeas petition under 28 U.S.C. § 2241, and dismissed the petition without prejudice for lack of jurisdiction.  (Doc. No. 16.)

466, and Blakely v. Washington, 542 U.S. 296 (2004). Petitioners argue the PSIR did not allow the Court to make findings regarding the government's allegations which supported the sentencing enhancements. Petitioners further argue the PSIR indicated that the sentencing guidelines were mandatory and recommended a sentence exceeding the penalty range to which Petitioners were truly exposed.

Despite Petitioners' attempt to re-cast their claims, they seek to attack their sentences and the constitutionality of their convictions, subjects firmly within the scope of challenges that may be raised under 28 U.S.C. § 2255.[2] Because there is no gap to be filled, Petitioners are not entitled to a writ of *audita querela*. The writ of *audita querela* is not available to Petitioners to circumvent the limitations Congress has placed upon prisoners seeking postconviction collateral relief. Valdez-Pacheco, 237 F.3d at 1080.[3]

## CONCLUSION

The Court DENIES the petition for a writ of *audita querela*. The Clerk shall terminate this civil case.

**IT IS SO ORDERED.**

**DATED: June 30, 2010**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[2] The Court also notes the current motion, filed more than 12 years after Petitioners were convicted and sentenced, is likely time-barred. 28 U.S.C. § 2255(f) (any motion for relief under § 2255 must be brought within one year after the judgment of conviction becomes final). The Court may not, however, dismiss a motion under § 2255 based on the statute of limitations without giving defendant notice and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1044 (9th Cir. 2001) (habeas petitioner entitled to notice and opportunity to respond before court *sua sponte* dismisses petition based upon failure to comply with AEDPA's one-year statute of limitations); United States v. Garcia, 210 F.3d 1058, 1060 (9th Cir. 2000) (statute of limitations for § 2254 and § 2255 motions should be treated similarly).

[3] The Court also notes that because the Supreme Court's decisions in Apprendi and Blakely have not been made retroactive, the assertion of claims under those cases is not cause to allow the filing of a second or successive motion for relief under 28 U.S.C. § 2255. Cook v. United States, 386 F.3d 949, 950 (9th Cir. 2004).